IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **LEXINGTON INSURANCE COMPANY,** | * | |
| | * | |
| Plaintiff | * | |
| | * | **CIVIL ACTION NO.** |
| v. | * | |
| | * | _____ |
| **CASTILLOW'S TOWING, LLC,** | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

**COMPLAINT AND APPLICATION FOR WRIT OF REPLEVIN**

Plaintiff Lexington Insurance Company ("Lexington"), states as follows for its Complaint against Defendant Castillow's Towing, LLC ("Castillow").

1. Plaintiff Lexington is a Massachusetts insurance corporation with its principal place of business in Boston, Massachusetts.

2. Defendant Castillow is a Domestic Limited Liability Company formed in Monroe County, Alabama, with its principal place of business in Monroeville, Alabama.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of Massachusetts, and Defendant is a citizen of the State of Alabama, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Upon information and belief, Defendant Castillow is an Alabama Limited Liability

PD.47128247.1

Company comprised of two members, Joey Castillow and Kelly Castillow, both of whom are citizens and residents of Alabama.

5.      Upon information and belief, none of the members of defendant limited liability company is a citizen of the State of Massachusetts.

6.      This Court has personal jurisdiction over Defendant because it is an Alabama LLC that conducts business in Alabama and causes of action herein arise from Defendant's business activities conducted in the State of Alabama.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims asserted herein occurred in the Southern District of Alabama.

## FACTUAL ALLEGATIONS

8.      On or about May 8, 2023, a Freightliner tractor/trailer truck owned/operated by JLE Industries overturned near Monroeville, Alabama and spilled its cargo, a large quantity of copper tubing, more particularly described as 504 pieces of copper tubing weighing approximately 37,646 lbs (the "Cargo").

9.      Plaintiff was the insurer of JLE Industries and said vehicle/cargo under policy number 0291770099 at the time of the accident, has paid for the cargo in question and is currently the rightful owner of the cargo in question.

10.     Soon after the accident, Defendant was called to gather, tow and move the overturned vehicle and Cargo from the scene of the accident.

11.     Defendant brought the vehicle and its Cargo to its premises in Monroeville, Alabama.

12.     Defendant has retained the Cargo on its property and refused to relinquish possession and control of the same to either JLE Industries or Lexington after repeated attempts to

retake possession of the Cargo.

13. By letter dated August 23, 2024, and pursuant to its rights under Alabama law, Lexington notified Defendant that it was exercising its right to possession of the Cargo and demanded that Defendant remit the cargo to Lexington.

14. The estimated value of the Cargo is $80,000.

15. Defendant has willfully failed and refused to remit the Cargo to JLE/Lexington and refuses to further communicate to Plaintiff regarding the Cargo in question.

## COUNT I

### REPLEVIN

16. All allegations and assertions of the preceding paragraphs are hereby realleged and incorporated herein by reference for all purposes.

17. Lexington is entitled to immediate possession of the cargo which is presently being wrongfully detained by Defendant. Although notice has been given and demand made, Defendant continues to refuse to relinquish possession of the cargo as required under Alabama law and has refused reasonable attempts to communicate with Plaintiff's representatives regarding the same.

18. Alabama Code § 41-27-61(a)(5) provides that: "Freight and contents in or on the commercial vehicle may not be held by the towing and recovery service to secure towing and recovery charges."

19. Pursuant to Alabama Code § 41-27-61(a)(5), Lexington is entitled to immediate possession of the Cargo.

20. Defendant's withholding possession of the Cargo is in direct violation of Alabama law.

21. Accordingly, Lexington requests that the Court direct the Clerk to issue a Writ of

Replevin to the U.S. Marshal directing him to seize and/or requester the cargo, until such time as the Court enters a final judgment of possession. The issuance of said Writ is necessary to prevent the cargo from being ill-treated, disbursed, or wrongfully disposed of, and to preserve the value of the cargo and Lexington's interest therein. The Cargo has been in the possession of Defendant and located at the following of its locations:

> 2420 Highway 136 West
> Monroeville, Alabama 36460

22. Lexington further petitions this Court for issuance of a writ of replevin pursuant to Rule 64 of the Federal Rules of Civil Procedure.

23. Lexington is entitled to a Fiat directing the Clerk to issue a Writ of Replevin to the U.S. Marshal directing him to seize and deliver the cargo to Lexington or requester the cargo pending a final judgment by the Court on the merits of this matter and to summon Defendant to appear and answer the Complaint.

## **COUNT II**

### CONVERSION

24. All allegations and assertions of the preceding paragraphs are hereby realleged and incorporated herein by reference for all purposes.

25. Plaintiff pleads, in the alternative, for the recovery of money damages against the Defendant for it's tortious actions described above.

26. Defendant's has willfully and/or negligently withheld and interfered with Plaintiff's possession of said Cargo without justification and in violation of Alabama law and unlawfully converted said cargo to its own use, profit and possession.

27. Defendant's conduct as described herein has caused money damages to Plaintiff Lexington.

**WHEREFORE,** Lexington respectfully requests that this Court will set its Motion for Writ of Replevin for hearing as soon as practicable, otherwise award the following relief:

A.   Grant an order directing the clerk to issue a Writ of Replevin and/or Arrest for the seizure and delivery of possession of the Cargo to Plaintiff;

a.   Enter a Judgment in favor of Plaintiff and against the Defendant for $80,000 in compensatory damages along with interest, costs, and attorneys' fees for conversion of the Cargo;

B.   Order such other and further general, legal and equitable relief to which Lexington may be entitled.

**THIS** the 11the day of October, 2024.

Respectfully submitted,

**LEXINGTON INSURANCE COMPA**

BY: *s/Allen E. Graham*
    Allen E. Graham
    Grace Williams

PHELPS DUNBAR LLP
101 Dauphin Street
Suite 1000
Mobile, AL  36602
(251) 432-4481
Teeto.Graham@Phelps.com
Grace.Williams@Phelps.com

Please serve Defendant at:
Castillow's Towing, LLC
Attn: Joey Castillow
1603 HWY 84 East
Monroeville, AL 36460